Wanamaker, J.
Plaintiff below claims that the action is one for wrongful conversion of wheat,' and that such a case is not only pleaded but abundantly proven under the evidence.
The Constitution of Ohio, in its Bill of Rights, Section 16, says:
“All courts shall be open and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law,” etc.
The record overwhelmingly discloses, and it is admitted in the pleadings, that these two carloads of wheat were lost, at least in value, while in the custody of the railroad company and while on its tracks ,* that prior thereto it had removed the wheat from the siding at the milling company’s elevator to another point on the railroad company’s line. The question of negligence on the part of the railroad company was submitted to the jury, under *166 proper instructions of the court, and if the petition stated a cause of action the verdict of the jury was abundantly warranted.
Did the petition state a cause of action?
The petition does aver that “plaintiff delivered to the defendant on board cars” the wheat in question, and that while the same remained in the possession of the railroad company it was made wholly worthless and of no value whatsoever, and that this was by reason of the negligence of the railroad company in respect to handling said cars. The language of the pleading, and the evidence as well, indicate that a contract was made between the railroad company and the milling company touching the handling of said cars and their removal to a place of safety.
Now, it is well settled law, that is elementary, that though one have a contract, if there has been negligence in the performance of that contract, he may sue in tort, or for conversion, and claim his damages upon proper proof. And that was done in this case.
The code of Ohio was clearly intended to abolish common-law distinctions and technicalities as to the manner of stating the various causes of action in tort or contract, and otherwise. The cause was designated as a civil action, and the pleader had a good petition when he put in it:
1. A statement of facts constituting the cause of action, in ordinary and concise language.
2. A demand for the relief to which the plaintiff claims to be entitled.
*167 Hence, in such cases as the one at bar at least, it becomes unimportant to undertake to classify the action as one strictly in contract or strictly in tort.
The evidence clearly supports, the claim that the railroad company came into possession of these cars at two or three o’clock in the afternoon, when they were still in good merchantable condition; that they were removed by the railroad company to some other point, not entirely clear by the record, but in the flood district; and the jury below, and the courts below, found that the above was negligence on the part of the railroad company.
As to the third defense, that the agreement pleaded was in violation of certain sections of the General Code of Ohio, we have already declared the elementary law as to pleading upon contracts, that the party may sue in tort for negligence of the other party in failing to observe due care with reference to his bailment. But even if the party in his petition had declared upon special contract, we see nothing in this contract in violation of these sections. These sections' relate to the duties of a common carrier, and their purpose is to prevent discrimination between different members of the public as to charges for services as a common carrier. The service in this case was not as a common carrier, but as an uncommon carrier, in an uncommon situation, an emergency under uncommon circumstances, for which the milling company was liable for a reasonable and just charge.
.But even as to a special contract between the carrier and the shipper, such special contract is not per se void, unless it exhibits an unjust and un *168 reasonable charge discriminatory in its nature. No claim of this character is made in this case.
It is likewise unimportant in this case to determine whether the railroad company acted as a common carrier or otherwise. The facts pleaded and proven abundantly justify the recovery.

Judgment affirmed.

Nichols, C. J., Jones, Matthias, Johnson and Donahue, JJ., concur.
Robinson, J., not participating.